**Aimee Mutanda BATATA, Petitioner,**

v.

**Alberto R. GONZALES, U.S. Attorney General, Respondent.**

**No. 05–60286**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 19, 2006.

Peter Tatih Ndikum, Silver Spring, MD, for Petitioner.

Thomas Ward Hussey, Director, Linda Susan Wendtland, Saul Greenstein, U.S. Department of Justice, Office of Immigra-

tion Litigation, Washington, DC, Anne M. Estrada, U.S. Immigration & Naturalization Service, Dallas, TX, Caryl G. Thompson, U.S. Immigration & Naturalization Service, District Directors Office, New Orleans, LA, for Respondent.

Alberto R. Gonzalez, U.S. Department of Justice, Washington, DC, pro se.

Before HIGGINBOTHAM, BENAVIDES and DENNIS, Circuit Judges.

PER CURIAM: *

Aimee Mutanda Batata, a native and citizen of the Democratic Republic of Congo (DRC), petitions this court for review of an order denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The Board of Immigration Appeals (BIA) summarily affirmed the denial of relief by the Immigration Judge (IJ).

Batata contends that the BIA and IJ erred by determining (1) that her claim of rape was not credible and (2) that, had she been raped, she did not show a well-founded fear of persecution or that it was more likely than not that she would be subjected to torture if she returned to the DRC. The inconsistencies and ambiguities in the evidence support the decision of the IJ. Because the record does not compel a finding that Batata was entitled to any of the relief she sought, Batata has failed to show that the decision was not supported by substantial evidence. *See INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Faddoul v.*

*INS,* 37 F.3d 185, 188 (5th Cir.1994).; *Efe v. Ashcroft,* 293 F.3d 899, 906–07 (5th Cir. 2002).

Batata's petition for review therefore is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.